# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (BROWARD COUNTY DIVISION)

CASE NO._____

SUNBELT FINANCE, LLC, an
Arkansas limited liability company,

       Plaintiff,

vs.

FRESHPOINT SOUTH FLORIDA,
INC., a Florida corporation,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Sunbelt Finance, LLC ("Sunbelt"), an Arkansas limited liability company, by and through its undersigned counsel, hereby sues Defendant, Freshpoint South Florida, Inc. ("Freshpoint"), a Florida corporation, and alleges as follows:

### INTRODUCTION

1.     Sunbelt brings this action for damages under Chapter 679 of the Florida Statutes known as the Uniform Commercial Code -- Secured Transactions ("the State of Florida's Adoption of the UCC") for Freshpoint's breach of its statutory duty to pay accounts in[1] the aggregate amount of $102,600.00

### PARTY ALLEGATIONS

2.     Sunbelt is an Arkansas limited liability company with principal place of business in Jonesboro, Arkansas. Its constituent members are citizens of States other than Florida.

3.     Freshpoint is a Florida corporation with principal place of business in Broward County, Florida.

---

[1] Pursuant to Florida Statute §679.1021(1)(b), the term "account" is defined as follows:
    "Account" . . . means (i) a right to payment of a monetary obligation, whether or not earned by performance, (A) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of, (B) for services rendered or to be rendered, . . .

**ULLMAN & ULLMAN, P.A.**
150 East Palmetto Park Road · Suite 700 · Boca Raton, Florida 33432
(561) 338-3535   ·   (561) 338-3581

## JURISDICTION AND VENUE ALLEGATIONS

4.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists because Sunbelt's constituent members are citizens of states other than Florida, while Freshpoint is a Florida corporation with principal place of business in Pompano Beach, Florida.

5.     The amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332(a).

6.     Pursuant to 28 U.S.C. § 1391(b), the United States District Court for the Southern District of Florida is an appropriate venue for this action because Freshpoint's principal place of business is in Broward County, Florida.

7.     The Court has personal jurisdiction over Freshpoint because it is incorporated under the laws of the State of Florida and its principal place of business is in Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     Sunbelt is in the factoring business, which entails the contractual purchasing of accounts.  In the factoring business, the "Factor," in this case Sunbelt, purchases accounts from the party with whom it has a contractual obligation (hereinafter "Factoring Client"), in this case Academy Express, Inc. (hereinafter, "Academy").  After having paid the "Purchase Price" (as defined by the Factoring Agreement) for the accounts purchased, Sunbelt, the Factor, awaits payment from the Factoring Client's customers, in this case Freshpoint, which entities are known in both the UCC and the factoring industry as "Account Debtors."[2]

9.     On or about May 2, 2006, Academy and Sunbelt entered into a Factoring and Security Agreement (hereinafter "Factoring Agreement") pursuant to which, Sunbelt purchased

---

[2] Pursuant to Florida Statute §679.1021(1)(c), the term "account debtor" is defined as follows:
  "Account Debtor" means a person obligated on an <u>account</u>....

**ULLMAN & ULLMAN, P.A.**
150 East Palmetto Park Road · Suite 700 · Boca Raton, Florida 33432
(561) 338-3535  ·  (561) 338-3581

certain of Academy's accounts.  A true and correct copy of the Factoring Agreement is attached hereto as **Exhibit "1"** except as to matters which are deemed proprietary or confidential which have been redacted.

10.     In addition to the sale of accounts, Academy also granted to Sunbelt, as security for all present and future obligations of Academy, a continuing first priority security interest in certain specified collateral which included certain Academy accounts and all proceeds of those accounts (hereinafter "Collateral").  *See* Exhibit "1" at paragraph 6.

11.     On May 3, 2006, Sunbelt caused an initial UCC-1 Financing Statement to be filed with the Florida Department of State, Division of Business Services, identified by number 200602545062, which resulted in Sunbelt having perfected both its ownership rights as well as its security interest in, *inter alia*, all of Academy's assets, including the purchased and non-purchased accounts.  A true and correct copy of the duly filed UCC-1 Financing Statement is attached hereto as **Exhibit "2."**

12.     Pursuant to the Factoring Agreement, Academy offered and Sunbelt agreed to purchase certain accounts represented by the invoices submitted by Academy to Freshpoint, which accounts arose from the provision of goods by Academy.  The accounts pertinent to the instant litigation and that Sunbelt purchased are comprised of the following invoices:

| INOVICE # | INVOICE DATE | AMOUNT |
|---|---|---|
| 1307049 | July 13, 2013 | $8,600.00 |
| 1307050 | July 16, 2013 | 8,600.00 |
| 130754 | July 22, 2013 | 8,500.00 |
| 1308033 | August 13, 2013 | 8,500.00 |
| 1308039 | August 19, 2013 | 8,600.00 |
| 1308046 | August 20, 2013 | 8,600.00 |
| 1308047 | August 20, 2013 | 8,600.00 |
| 1308048 | August 20, 2013 | 8,500.00 |
| 1308049 | August 20, 2013 | 8,500.00 |

| 1308055 | August 20, 2013 | 8,500.00 |
|---|---|---|
| 1308056 | August 20, 2013 | 8,600.00 |
| 1308057 | August 20, 2013 | 8,500.00 |
| **Total of Outstanding and Unpaid Invoices** | | **$102,600.00** |

(hereinafter "Outstanding and Unpaid Invoices").

13.     Prior to transmitting them to Freshpoint, each of the Outstanding and Unpaid Invoices were stamped with the legend: "Assigned and Payable to Sunbelt Finance, LLC."

14.     Each of the Outstanding and Unpaid Invoices stated "Term Due Upon Received," which means payment was immediately upon receipt of the goods identified within each invoice.

15.     Freshpoint has failed to pay Sunbelt for any of the Outstanding and Unpaid Invoices.

16.     Sunbelt has performed any necessary conditions precedent, or they have occurred, been waived or have been excused.

### COUNT I

### ACTION AGAINST FRESHPOINT FOR BREACH OF STATUTORY DUTY TO PAY ACCOUNTS

Sunbelt sues Freshpoint for breach of its statutory duty to pay the accounts and as grounds therefore avers:

17.     Sunbelt realleges and readopts paragraphs 1 through 16 above as if fully realleged herein.

18.     This is an action pursuant to the State of Florida's Adoption of the UCC and the corresponding Florida Statutes, more specifically Fla. Stat. § 679.4061(1).

19.     Pursuant to the Factoring Agreement, each Outstanding and Unpaid Invoice contained the statutorily required notice to Freshpoint of the assignment of the invoices by Academy to Sunbelt (hereinafter, "Notices of Assignment"). *See* Exhibit "3" attached.

20.    As a result of Freshpoint's receipt of the Notices of Assignment, Freshpoint's obligations under Florida Statues §679.4061 were triggered.  Specifically, Fla. Stat. § 679.4061(1) states:

> Subject to subsections (2) through (9), an account debtor [Freshpoint] on an account . . . may discharge its obligation by paying the assignor [Academy] **until, but not after,** the account debtor [Freshpoint] receives a notification, authenticated by the assignor [Academy] or the assignee [Sunbelt], that the amount due or to become due has been assigned and that payment is to be made to the assignee [Sunbelt]. **After receipt of the notification,** the account debtor [Freshpoint] **may discharge its obligation by paying the assignee [Sunbelt] and may not discharge the obligation by paying the assignor** [Academy].

(Emphasis supplied).

21.    Freshpoint received each of the Outstanding and Unpaid Invoices on or about the date of each invoice.

22.    After receipt of the Outstanding and Unpaid Invoices, Freshpoint could not satisfy its obligations to pay the Outstanding and Unpaid Invoices by paying any party other than Sunbelt and to date Sunbelt has failed to receive any payment towards the Outstanding and Unpaid Invoices.

23.    Pursuant to the State of Florida's version of the UCC and the corresponding Florida Statutes, more specifically Fla. Stat. § 679.607, as agreed between Sunbelt and Academy in the Factoring Agreement, Sunbelt was entitled to notify Freshpoint of Sunbelt's right to receive payment and, furthermore, holds the right to enforce the obligations of Freshpoint obligated on the Outstanding and Unpaid Invoices.

24.    Freshpoint owed Sunbelt the sum of $102,600.00 on the Outstanding and Unpaid Invoices by no later than August 30, 2013, which allots a ten (10) day period for Freshpoint, after receipt of the Outstanding and Unpaid Invoices, to issue and make payment to Sunbelt.

25.     No contract between Academy and Freshpoint exists to Sunbelt's knowledge establishing an interest rate on Freshpoint's failure to pay Sunbelt the purchase price of goods and, therefore, no contract established the rate of interest pursuant to Fla. Stat. 55.03 and as provided by Fla. Stat. 687.01.  Therefore, the applicable statutory rate of interest in effect from August 2013 to the present is 4.75% per annum or a daily rate or a percentage of .0120137% or $13.35 per day which totals $4,059.02 as of June 13, 2014.

26.     Despite demand, Freshpoint has failed and refused to pay Sunbelt the sum of $102,600.00.

27.     Sunbelt has suffered damages by virtue of Freshpoint having failed to fulfill its statutory duties.

**WHEREFORE**, Sunbelt prays for a judgment against Freshpoint in the amount of $102,600 together with prejudgment interest and costs as well as such other relief as the Court deems just and proper.

Dated: June 17, 2014

Respectfully submitted,

ULLMAN & ULLMAN, P.A.
*Attorneys for Sunbelt Finance, LLC*
150 East Palmetto Park Road, Suite 700
Boca Raton, Florida 33432
Telephone:  (561) 338-3535
Facsimile:   (561) 338-3581

BY: _____
        MICHAEL W. ULLMAN
        Florida Bar No. 259667
        Email: michael.ullman@uulaw.net
        JARED A. ULLMAN
        Florida Bar No. 090500
        Email: jared.ullman@uulaw.net